1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9
## EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA, | Case No. 1:18-po-00255-SAB |

12 | Plaintiff, | MEMORANDUM DECISION AFTER COURT TRIAL |

13 | v. | |

14 | THOMAS W. MILLER, | |

15 | Defendant. | |

16

17    On September 13, 2018, a citation was filed charging Thomas W. Miller ("Defendant")

18 with a violation of 36 C.F.R. § 327.23(c), failing to properly display a valid permit or pass.

19 (ECF No. 1.)  A court trial was conducted before the undersigned on November 15, 2018.  (ECF

20 No. 5.)  Gary Leuis appeared for the Government and Defendant Miller appeared pro se.  During

21 the trial, three witnesses testified.  Ranger Robin Williams Lebo testified for the Government,

22 and Defendant Miller and M. Honer testified for Defendant.  Having considered the evidence

23 presented during the trial of this matter, the Court issues the following order finding Defendant

24 Miller guilty of a violation of 36 C.F.R. § 327.23(c).

25                                             **I.**

26                             **FACTUAL FINDINGS**

27    Lake Kaweah is under the control of the Army Corp of Engineers and is in the Eastern

28 District of California.  The Slick Rock Recreation Area is located at Lake Kaweah.  (Exhibit 4-

7.)

On June 2, 2018, Defendant drove to the lake with two of his friends. He vehicle was left in the parking lot while they went swimming.

On this same date, Ranger Lebo was patrolling the Slick Rock Recreation Area. Ranger Lebo observed a white four-door Chevrolet, California license number 1LTD247, that was parked in the parking lot and did not have a permit displayed in the window. Ranger Lebo confirmed that this same vehicle had received warnings for failure to display a permit on May 26, 2018, and May 28, 2018. There was no one present with the vehicle so she had the license plate run through the California Department of Motor Vehicles and the vehicle came back registered to Defendant Miller. Ranger Lebo wrote a citation for violation of 36 C.F.R. § 327.23(c), failure to properly display a valid permit or pass, and left it on the windshield.

Defendant received the citation when he returned to the vehicle.

## II.

## DISCUSSION AND DECISION

Defendant has been charged with a violation of 36 C.F.R. § 327.23(c). To prove a violation of 36 C.F.R. § 327.23(c), it is the Government's burden to establish beyond a reasonable doubt that Defendant Miller did not properly display an applicable receipt, permit, or pass in an area in which the Corps of Engineers collects a day use fee, special recreation fee, or special permit fee. 36 C.F.R. § 327.23(c); In re Winship, 397 U.S. 358, 364 (1970).

At the start of the trial, the Government informed the Court that the Defendant had just been provided with pictures that would be presented during the trial. The Court provided Defendant with an opportunity to continue the trial so that he could consider the newly produced evidence. Defendant declined to continue the trial and confirmed that he was prepared to proceed.

Ranger Lebo testified that she was working the evening shift on June 2, 2018, and her duties included checking fee compliance. There are signs posted at the entrance to the parking lots that inform visitors that they are to pay the day use fee at the fee station. The first sign is a small sign indicating that this is a U.S. fee area at the gate. (Exhibit 4-5.) The more noticeable

sign is a large blue sign just past the gate to the parking lot. (Exhibit 4-4.) As visitors drive toward the east lot, there is a sign informing them to pay the use fee at the fee station. (Exhibit 4-3.) At the entrance to the east parking lot, there is large lettering on the ground informing the visitors to pay the fee at the restroom. (Exhibit 4-1.) There is an electronic machine for visitors to use to pay their fees by the restroom. (Exhibit 402.) On June 2, 2018, there was also an iron ranger to accept cash payments.

As Ranger Lebo was patrolling the east parking lot to check for fee compliance, she observed Defendant's vehicle parked in the lot, but it did not have a permit or pass displayed in the windshield. Ranger Lebo took a photograph of the vehicle. (Exhibit 5.)

Ranger Lebo testified that while not required under the law, it is their practice not to write citations, but to first issue a warning for failure to pay the daily fee. A list is kept of the warnings that have been issued, and she checked the list and saw that this vehicle had received a warning on May 26, 2018, and May 28, 2018, for failure to pay the daily fee. Since there had been prior warnings on the vehicle for failure to pay the fee, Ranger Lebo decided to write a citation. She had the senior ranger run the license number through the Department of Motor Vehicles and it came back registered to Thomas William Miller. Ranger Lebo wrote a citation and left it on the windshield of the vehicle.

Ranger Lebo is aware that there have been occasions where a ranger has not seen the pass in the window of a vehicle and has left a citation. In such instances, the individual will bring the citation to the ranger and they will correct it. The pass that is issued has the date and time printed on it. Whenever a citation is issued for failure to display a pass or permit, the ranger takes a picture from various angles so they have as clear a visual as possible that there is no pass. On occasion a pass will have slipped down inside the dashboard, but most of the time the pictures will catch that.

Defendant testified that he owns the white Chevrolet. Someone else had used his vehicle on May 28, 2018, and he did not receive the warning for failure to pay the daily fee. However, he did receive the May 26, 2018 warning. On June 2, 2018, he was at the lake and placed a permit in the window of his car. He saw the citation on the top of his windshield when he

1  returned to the car.

2    On cross examination, Defendant testified that although he drives, he looks at the road
3  and does not pay attention to the signs on the road unless they are red signs, caution signs.  He
4  did not read the signs informing that alcohol was prohibited because it was common sense.
5  When asked if he had seen the writing on the roadway to pay the fee at the restroom, Defendant
6  stated that he looked at the road but did not look at the words because they are poorly written.

7    Although Defendant testified that the words on the roadway are poorly written and the
8  picture does not accurately depict what the roadway looked like on the date in question, he stated
9  it was because it was a different time of year.  Defendant did not articulate what was different in
10 the picture from June 2018.  Ranger Lebo testified that the picture accurately depicted the
11 roadway at the time of the incident.  The letters on the roadway are large and clearly legible.
12 Defendant's inability to describe why the picture of the roadway is different from what the
13 roadway looked like in June 2018 detracts from his credibility, as do his statements that he
14 focuses only on the road and does not read road signs when he is driving.  Defendant admitted
15 that he knew that he had to pay a day use fee and his refusal to admit that he had seen the signs
16 posted throughout the recreation area diminishes his credibility.

17   Ms. Honer testified that she went to the lake with Defendant five times over the summer.
18 She went with Defendant and another friend to the lake on June 2, 2018.  She testified that the
19 pass was purchased from the booth where you drive in on the left-hand side near the restrooms.
20 The fee was $5.00.  They had to pay with cash.  But cards can be used. Ms. Honer testified both
21 that they paid with a card and they paid with cash.  Ms. Honer testified that the pass was placed
22 on the windshield.  When asked where on the windshield she responded it was on the driver's
23 side.

24   Ms. Honer testified that she specifically remembers June 2 because she remembers the
25 fun that they had.  She remembers that they paid with cash because it was all she had in her
26 wallet.  They all pitched in to pay the fee.  The other times that they went to Kaweah they paid
27 cash.  Who pays depends on who has money that day.

28   The Court found that Ms. Honer's testimony was not entirely credible.  When asked

where the pass had been placed on the window of the car, her response appeared to be more of a question than a statement. Further, when questioned about how the fee was paid she indicated that it was paid in cash because that was all she had, but then she stated they all pitched in to pay the fee. Further, her response that who paid depends on who had money could reasonably indicate that no one could have money on some days which would be consistent with the two prior warnings that were received for failure to pay the daily fee.

The Court finds the testimony of Ranger Lebo to be credible. She testified that she observed that there was no pass on the dashboard, took pictures, and placed the citation on the windshield. While Ms. Honer testified that the pass was left on the driver's side dashboard, Ranger Lebo would have noticed it when she placed the citation in this same area. The evidence presented by the Government does not reflect a pass set on the dash.

Based on the evidence presented by the parties during the trial, the Court finds that the Government has proved beyond a reasonable doubt that Defendant Miller is guilty of a violation of 36 C.F.R. § 327.23(c) and that the evidence presented by Defendant did not refute the evidence of guilt presented by the Government.

During the trial Defendant asserted that the fine in this instance was excessive compared to the daily recreation fee. The Court shall set a briefing schedule should Defendant wish to bring a motion addressing this issue.

### III.

### CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that

1. Defendant Miller is adjudged guilty of a violation of 36 C.F.R. § 327.23(c);

2. This matter is set for sentencing on December 6, 2018, at 11:00 a.m. in Courtroom 9;

3. Defendant may file a motion regarding the excessiveness of the statutory fine on or before November 29, 2018;

4. The Government shall file an opposition to Plaintiff's motion regarding bail on or before December 4, 2018;

5. The parties may file a sentencing memorandum one week prior to the sentencing hearing; and

6. Defendant is required to be present on December 6, 2018, for sentencing.

IT IS SO ORDERED.

Dated: **November 21, 2018**

_____
UNITED STATES MAGISTRATE JUDGE